BROWN WHITE & OSBORN LLP
THOMAS M. BROWN (Bar No. 117449)
KENNETH P. WHITE (Bar No. 173993)
CALEB E. MASON (Bar No. 246653)
ESMÉ GANZ (Bar No. 282066)
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
tbrown@brownwhitelaw.com
kwhite@brownwhitelaw.com
cmason@brownwhitelaw.com
eganz@brownwhitelaw.com
Telephone: 213. 613.0500
Facsimile: 213.613.0550

Attorneys for Plaintiff
LINX BRACELETS, INC.,
d/b/a LINX & MORE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINX BRACELETS, INC., d/b/a LINX & MORE, a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ORIGAMI OWL, LLC, a Delaware Limited Liability Company, ISABELLA WEEMS, an individual, CHRISTIAN WEEMS, an individual, and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 14-cv-06799-SVW-JEM<br><br>Judge: Hon. Judge Stephen V. Wilson<br>         Hon. John E. McDermott<br><br>[DISCOVERY MATTER]<br><br>~~PROPOSED~~ STIPULATED PROTECTIVE ORDER |

# I.

## INTRODUCTION

Plaintiff Linx Bracelets, Inc. ("Plaintiff" or "Linx") and Defendants Origami Owl, LLC, Isabella Weems, and Christian Weems (collectively, "Defendants"), by and through undersigned counsel, hereby submit their proposed Stipulated Protective Order, which primarily follows the format and language of the model protective order recommended by this Court.

# II.

## STIPULATED PROTECTIVE ORDER

### A.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section S.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B.   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and

1323396.1

proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## C. **<u>DEFINITIONS</u>**

1. Action: this lawsuit, *Linx Bracelets, Inc., D/B/A Linx & More v. Origami Owl, LLC, Christian Weems, Isabella Weems, And Does 1-20*, No. 14-cv-06799-SVW-JEM.

2. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3. Confidential Information: information contained or disclosed in any materials (regardless of how it is generated, stored or maintained), including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

STIPULATED PROTECTIVE ORDER

4.     Confidential Material: information (regardless of how generated, stored, or maintained) or tangible things which the Designating Party determines, reasonably and in good faith, should not be disclosed to the public because it constitutes confidential, proprietary, or otherwise sensitive information such as research, development, financial, technical, sales or commercial information.

5.     Counsel (without qualifier): Outside Counsel of Record or House Counsel (as well as their support staff).

6.     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

7.     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

8.     ESI: Electronically Stored Information.

9.     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. This includes professional jury or trial consultants.

10.     Highly Confidential – Attorneys' Eyes Only Material: Confidential Material that is especially sensitive, whose disclosure to another Party or non-party would create a risk of serious harm that may not be avoided by less restrictive means. By way of example, Highly Confidential – Attorneys' Eyes Only Material may include trade secrets or competitively-sensitive business information that may be of value to an actual or potential competitor, customer, or supplier.

11.     House Counsel: attorneys who are employees of a party to this Action. House Counsel includes any support staff regularly employed by such attorneys. House Counsel does not include Outside Counsel of Record or any other outside counsel.

12.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

13.    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

14.    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

15.    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

16.    Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

17.    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only Material."

18.    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

D.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**E.**     **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs

**F.**     **DESIGNATING PROTECTED MATERIAL**

1.     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

2.     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced. Designation in conformity with this Order requires:

a)     <u>Material produced in documentary form</u>: for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix at a minimum, the legend "Confidential" or "Highly Confidential — Attorneys' Eyes Only Material" (hereinafter "Confidentiality legend"), to each

6

1323396.1

page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential" or "Highly Confidential — Attorneys' Eyes Only Material."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "Confidentiality legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b)   <u>Material produced in electronic form</u>: Discovery Material may be produced in electronic form. If it is impossible or impractical to affix a Confidentiality legend to each electronic file produced without altering its contents or its metadata, a Producing Party may affix a Confidentiality legend to the outside of the storage device on which the ESI is produced. The designation indicated in the Confidentiality legend applies to all ESI.

If a storage device is designated with a Confidentiality legend on the outside of the device, no Receiving Party may copy or print any of the ESI unless the Receiving Party affixes a Confidentiality legend to the material that will be printed or copied. The Receiving Party has the obligation to ensure that the Confidentiality legend affixed to the material: (1) reflects the designation applied to the ESI by the Designating Patty; (2) is affixed permanently to the material;

and (3) is prominently visible to each person who might view the material, regardless of the software, computer system, or other means used to view the material. If the nature of the ESI makes it impossible or impractical for the Receiving Panty to fulfill these obligations, it must confer with the Producing Party and/or the Designating Party and attempt to reach agreement about how the material should be marked. If agreement cannot be reached in good faith, any Party may move for a court order concerning the manner of affixing a Confidentiality legend to the individual material.

Nothing in this Order, nor any Party's stipulation to have this Order entered by the court, shall be deemed to be an agreement by any Party to produce or to receive Discovery Material in any particular form.

c)     <u>Transcripts and Testimony</u>: If Confidential Information is discussed in a proceeding such as a deposition, hearing, or trial, a Designating Party may identify the Confidential Information on the record as designated under this Confidentiality Protective Order. When it is impractical during the proceeding to identify each portion of the proceeding that is entitled to protection, and when it appears that substantial portions qualify, for protection, a Designating Party may invoke on the record a right to have up to 30 days after receiving the transcript to designate the transcript (or portions of the transcript) as Confidential Information. The Designating Party must designate the individual portions of the transcript that are Confidential Information. If only certain pages (or portions of pages) qualify for protection, the Designating Party must take care not to over designate any material. A transcript (or portions of a transcript) may be designated as Confidential Information by providing written notice to all Receiving Parties and to the person who prepared the transcript within 30 days. The person who prepared the transcript must affix appropriate Confidentiality legends to all subsequent copies of the transcript (or portions thereof) to indicate the designations. All Receiving Parties who received a copy of the transcript before

STIPULATED PROTECTIVE ORDER

1323396.1

the designation must affix appropriate Confidentiality legends to their copies to indicate the designations.

3.   <u>Unauthorized or Inadvertent Failures to Designate</u>.

a)   All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, counsel for each Party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

b)   The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties in a reasonably prompt manner after learning of the inadvertent failure to designate any Discovery Material the Producing Party believes is protected under one of the categories of this Order. The Producing Party shall reproduce the Confidential Information with the correct confidentiality designation within seven (7) days upon its notification to the

1323396.1

Receiving Parties. Upon receiving the Confidential Information with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

c)      A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the Protected Material with the correct confidentiality designation. Once a Receiving Party has received the Confidential Information with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 4 below) at the appropriately designated level pursuant to the terms of this Order.

d)      Protected Material produced without the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be so designated subsequent to production when the Producing Party failed to make such designation at the time of production through inadvertence or error. If Discovery Material is designated subsequent to production, the Receiving Party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled by the Producing Party with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation. Notwithstanding the above, such subsequent designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials.

1323396.1

**G.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

2.    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

3.    <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

4.    Pretrial Meet and Confer: In the event that a pretrial conference occurs, the Parties agree to (i) meet and confer as to the confidentiality designation on any exhibit set forth on each Party's exhibit list to reduce the volume of exhibits designated Confidential or Highly Confidential – Attorneys' Eyes Only; and (ii) advise the Court at the Final Pretrial Conference on a proposed procedure to handle Confidential Material or Highly Confidential – Attorneys' Eyes Only Material during trial in order to reduce or avoid interruption of the trial.

**H.    ACCESS TO AND USE OF PROTECTED MATERIAL**

1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions herein regarding the Final Disposition of this Action (Section N).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

1323396.1

2. <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Material or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b) the Receiving Party's House Counsel, as well as employees of the House Counsel to whom it is reasonably necessary to disclose the information for this Action;

i. Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the Producing Party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the Receiving Party must retain any executed copies of Exhibit A.

c) the Court and any Court staff and administrative personnel;

d) any court reporters and their staff;

e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f) any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document one to whom a copy of such document was sent before its production in this Action;

g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

3.  <u>Disclosure of "Confidential" Materials or Items.</u> Information designated "CONFIDENTIAL" may be viewed only by the individuals listed in paragraph 2, above, and by the additional individuals listed below:

a)  Party principals or executives who are required to participate in policy decisions with reference to this action, after executing a copy of Exhibit A;

b)  Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

c)  Stenographic and clerical employees associated with the individuals identified above.

## I.  SPECIFIC DISCLOSURE

At any stage of these proceedings, any Party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this Order to view such Materials. The Party must notify, in writing, Counsel for the Producing Party of the identity of the relevant Materials and the individuals to whom the Party wishes to disclose the Materials. If the request is not resolved consensually between the parties within fourteen (14) days of receipt of such a request, the Requesting Party may move the Court for a ruling allowing such disclosure. In the event any Party files a motion requesting such disclosure, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the request.

## J.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that Party must:  (a) promptly notify in writing the Designating Party. Such notification shall include a copy

13

1323396.1

of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## K.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:  (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of the

Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**L.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**M.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

1.     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

2.      Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Confidential Information or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party. The Receiving Party must take reasonable steps to retrieve the information if the Party disclosed it before being notified, and the Receiving Party must not use or disclose the information until the claim is resolved.

3.      Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

## N.   ALLOWABLE DISCLOSURES

Information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order also may be disclosed if: (a) the Party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the Party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed Party gives prompt notice to Counsel for the Party which made the designation, and permits Counsel for that Party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

## O.   NO WAIVER

1.      Nothing within this Order will prejudice the right of any Party to object to the production of any Discovery Material on the grounds that the Material is protected as privileged or as attorney work product.

1323396.1

2.      Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

3.      This Order will be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

4.      Nothing in this Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

**P.      RETROACTIVE EFFECT OF THIS PROTECTIVE ORDER**

Any Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Materials that were produced during the course of this action without such designation before the effective date of this Order, as follows:

a)      Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to all other parties in possession or custody of such previously undesignated Materials. Any Party receiving such notice and copies of designated Materials pursuant to this

17

STIPULATED PROTECTIVE ORDER

1  subparagraph shall return to the Producing Party all undesignated copies of such

2  Materials in its custody or possession, or shall affix the appropriate

3  Confidentiality legend to all copies of the designated Materials in its custody or

4  possession.

5         b)     Upon notice of designation pursuant to this paragraph, parties shall

6  also: (i) make no disclosure of such designated Materials or information

7  contained therein except as allowed under this Order; and (ii) take reasonable

8  steps to notify any persons known to have possession of such designated

9  Materials or information of the effect of such designation under this Order.

10         c)     All such designations must be made within thirty (30) days of the

11  date of this Order.

**Q.**   **MODIFICATION**

12  1.     This Order may be modified by agreement of the parties, subject to

13

14  approval by the Court.

15  2.     The Court may modify the terms and conditions of this Order for good

16  cause, or in the interest of justice, or on its own order at any time in these proceedings.

17  **R.**   **MISCELLANEOUS**

18  1.     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

19  person to seek its modification by the Court in the future.

20  2.     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

21  Protective Order no Party waives any right it otherwise would have to object to

22  disclosing or producing any information or item on any ground not addressed in this

23  Stipulated Protective Order. Similarly, no Party waives any right to object on any

24  ground to use in evidence of any of the material covered by this Protective Order.

25  3.     <u>Filing Protected Material</u>.  A Party that seeks to file under seal any

26  Protected Material must comply with Civil Local Rule 79-5.  Protected Material may

27  only be filed under seal pursuant to a court order authorizing the sealing of the specific

28  Protected Material at issue.  If a Party's request to file Protected Material under seal is

denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**S.**     **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph E, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth herein.  Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

//

//

STIPULATED PROTECTIVE ORDER

1323396.1

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  July 31, 2015               BROWN WHITE & OSBORN LLP


By  *s/*      *Caleb E. Mason*
                THOMAS M. BROWN
                CALEB E. MASON
                KENNETH P. WHITE
                ESMÉ GANZ
                Attorneys for Plaintiff
                LINX BRACELETS, INC.
                d/b/a LINX & MORE



Dated:  July 31, 2015               GREENBERG TRAURIG, LLP


By  */s/ Ian C. Ballon*
                IAN C. BALLON
                Attorneys for Defendants
                ORIGAMI OWL, LLC,
                ISABELLA WEEMS, AND
                CHRISTIAN WEEMS



FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


Dated: August 4, 2015
                HON.  JOHN E. MCDERMOTT
                United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

1323396.1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on [date]_____ in the case of *Linx*

*Bracelets, Inc., D/B/A Linx & More, V. Origami Owl, LLC, Christian Weems, Isabella*

*Weems, And Does 1-20*, No. 14-cv-06799-SVW-JEM.  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.  I further agree to

submit to the jurisdiction of the United States District Court for the Central District of

California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.  I hereby

appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with this

action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

EXHIBIT A TO STIPULATED PROTECTED ORDERLA 132234330v1

1323396.1